UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G. J., <br>     Plaintiff, <br>     v. <br> COMMISSIONER OF SOCIAL SECURITY, <br>     Defendant. | Case No. 18-cv-03255-WHO <br><br> **ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT OR REMAND** <br><br> Re: Dkt. Nos. 21, 24 |

The parties have filed cross-motions for summary judgment in this Social Security appeal. Substantial evidence supports the decision of the Administrative Law Judge (ALJ). He did not commit legal error in failing to review a Psychological Evaluation (PE) because its conclusions were discussed in the plaintiff's Individualized Education Plan (IEP) that the ALJ did review; the PE was consistent with and duplicative of other medical evidence of record; and nothing in it would change the ALJ's analysis of plaintiff's impairments. Based upon my review of the parties' papers and the administrative record, I DENY plaintiff's motion and GRANT defendant's motion.

## BACKGROUND

### I. PROCEDURAL HISTORY

An application for childhood disability SSI benefits was filed on behalf of plaintiff on September 22, 2014. The claim was denied initially on December 3, 2014, and upon reconsideration on March 27, 2015. The plaintiff requested a hearing before an ALJ. Two hearings were held. The first, on February 8, 2017, and was continued so plaintiff's guardian (her grandmother) could secure counsel. The second hearing was held on June 26, 2017, with counsel representing plaintiff. A certified pediatrician, Dr. Donald A. Dian, testified. The record was held open following the hearing to update the medical and educational records. Plaintiff submitted

supplemental records, including an Educational Evaluation resulting from tests conducted by Katie Ruffman in February 2017 and a PE performed by school psychologist Althea Artis and dated April 9, 2017, as was a second copy of plaintiff's IEP dated April 11, 2017. Administrative Record (AR) 715-745, Ex. 17F.

The ALJ issued his decision finding that plaintiff was not disabled on August 9, 2017. AR 15-29. Plaintiff filed a timely appeal to the Appeals Council, and the Appeals Council denied the request for review on March 30, 2018. She then filed the pending appeal on May 31, 2018.

## II. PLAINTIFF'S IMPAIRMENTS

Plaintiff was born in 2006 and has been diagnosed with ADHD, borderline intellectual functioning, and an unspecified learning disorder. Her ADHD was diagnosed in 2012 and has been treated with Concerta since. AR 644. She has undergone psychological assessments in 2011, 2014, and most recently in May 2017. These assessments identified her cognitive abilities in the "borderline" to "low-average" range and put her IQ at 83, 81 and most recently at 72. AR 545-546, 590, 606. Each of these assessments have also diagnosed her ADHD. AR 546, 591, 608.

Plaintiff's IEP was issued on April 11, 2017. It addressed her "processing deficit" and provides her with note taking support and reduced or shortened assignments during general class time, and also 150 minutes of specialized academic instruction per week. AR 671-73. The IEP summarized her recent educational testing and referred to the educational evaluation "for more information on how [plaintiff's] educational abilities compare to peers her age." AR 676. School psychologist Althea Artis was present during the IEP meeting and discussed the PE that she conducted. AR 688. Artis identified plaintiff's attention processing deficit, explaining that while she has average cognition, she "tends to process things at a slower rate than others." This leads to a pattern of weaknesses in her math problem solving and reading comprehension, and made her eligible for an IEP due to her "attention processing issues." *Id*. Artis also noted that plaintiff's memory "was low" and she has "short term memory deficits." *Id*. The IEP primarily concerned plaintiff's attention processing deficit, and secondarily her ADHD demonstrated by the fact plaintiff has "strengths and weaknesses." *Id*. The IEP was in the record prior to the hearing

before the ALJ and was considered by Dr. Dian and the ALJ at the hearing. AR 671-691 (14F), 732-745 (part of 17F).

Not in the record at the time of the ALJ hearing was the underlying PE performed by Artis and dated April 9, 2017. As noted, the PE and some of Artis' conclusions were referenced in the IEP, but the full text of the PE was submitted post-hearing while the record was left open. AR 721-731.

### III. ALJ'S DETERMINATION AND PLAINTIFF'S ASSERTION OF ERROR

The ALJ determined at Step One that plaintiff had not engaged in substantial gainful activity since her application date, and at Step Two (as relevant to this appeal) that she had two severe impairments: borderline intellectual functioning and attention deficit hyperactivity disorder. AR 18.

At Step Three, the ALJ concluded that plaintiff's impairments or combination of impairments do not meet or medically equal the severity of a listed impairment under Listing 112.05 (for intellectual disability) or 112.11 (related to ADHD). In particular, he concluded that given plaintiff's ability to participate in standardized testing and the fact that her IQ was at 72, she was above the Listing Level of severity under Listing 112.05 for intellectual disability. AR 19.

The ALJ also concluded that plaintiff's impairments or combination of impairments do not functionally equal the severity of the listings. *Id.* In reaching that conclusion, the ALJ reviewed the whole case record, including medical evidence and information from other sources (teachers, family members, etc.) and information regarding how plaintiff functions over time and in all settings, relying in particular on the testimony of Dr. Dian from the hearing. AR 19-20. Two of the ALJ's determinations on the "degree of limitation in each of the six functional equivalence domains" are at issue here.

First, in looking at "acquiring and using information," which concerns "how well a child is able to acquire or learn information, and how well a child uses the information she has learned," the ALJ concluded plaintiff has less than a marked limitation. AR 23. He noted that plaintiff's grandmother's opinion was that plaintiff's main problem with learning at school was her inability to pay attention. While she had difficulty with some tasks, according to her grandmother, she

3

could read simple words, print letters and her name, and understand stories. *Id*. The ALJ also discussed the evaluation of plaintiff's third grade teacher, noting that plaintiff in third grade was at a second grade level for reading, math, and written language and that plaintiff could "decode at grade level" but had trouble with recalling information in sequence and understanding what she read. The ALJ considered the teacher's opinion that plaintiff had trouble focusing and sitting still, but, by reading at a second grade level in third grade, she had made substantial progress in reading and writing. The ALJ found that these assessments were consistent with Dr. Dian's testimony and supported his finding that plaintiff did not have marked limitations in acquiring and using information. *Id*.

On the other hand, in addressing "attending and completing tasks," which considers "how well a child is able to focus and maintain attention, and how well she is able to begin, carry through, and finish activities," the ALJ found that plaintiff was markedly limited. For this opinion, he relied on the grandmother's testimony, the assessment of the third grade teacher, and the consistent testimony and opinions of Dr. Dian. AR 23-24.[1]

## LEGAL STANDARD

### I. CHILDHOOD DISABILITY DETERMINATION

"An individual under the age of 18 shall be considered disabled . . . if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i); *see also Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1013 (9th Cir.2003).

In determining eligibility for SSI based on a childhood disability, the Commissioner follows a three-step evaluation process. 20 C.F.R. § 416.924(a). At Step One, the Commissioner considers whether the child has engaged in substantial gainful activity; if so, the child is not disabled and the claim must be denied. § 416.924(b). If the child is not engaged in substantial

---
[1] The ALJ concluded that plaintiff did not have a marked limitation in any of the other functional domains. AR 24-27. Plaintiff does not challenge those determinations on appeal.

gainful activity, Step Two requires the Commissioner to consider whether he or she has a "severe" impairment or combination of impairments; if not, a finding of not disabled is made and the claim must be denied. § 416.924(c). If the child has a "severe" impairment or combination of impairments, at Step Three the Commissioner determines whether the impairment meets, medically equals, or functionally equals an impairment in the Listing of Impairments ("Listing") found at 20 C.F.R., Part 404, Subpart P, Appendix 1. § 416.924(d).

An impairment "functionally equals" a listed impairment if it results in marked limitations in at least two of six functional domains or an extreme limitation in at least one domain. *Id.*, § 416.926a(a). The six functional domains are (1) acquiring and using information; (2) attending and completing tasks; (3) interacting with and relating to others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. *Id.*, § 416.926a(b)(1)(i)-(vi). A marked limitation "interferes seriously with [the child's] ability to independently initiate, sustain, or complete activities." § 416.926a(e)(2). An extreme limitation "interferes very seriously" with those abilities. § 416.926a(e)(3). In assessing whether the claimant has "marked" or "extreme" limitations, the ALJ must consider the functional limitations from all medically determinable impairments, including any impairments that are not severe. § 416.926a(a). The ALJ must also consider the interactive and cumulative effects of the claimant's impairment or multiple impairments in any affected domain. § 416.926a(c)

In reviewing the evidence, the Social Security Act requires the ALJ to "make a reasonable effort to obtain a case evaluation, based on the record in its entirety, from a pediatrician or other appropriate specialist, rather than simply constructing his own case evaluation from the evidence in the record." *Howard ex rel. Wolff v. Barnhart*, 341 F.3d at 1014 (interpreting requirements of 42 U.S.C. § 1382c(a)(3)(i)).

## II. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), the Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir.1996); *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal

1 standards). Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." *Saelee v. Chater*, 94 F.3d 520, 521-22 (9th Cir. 1996) *quoting Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (internal quotation marks and citation omitted).

The Court must review the record as a whole and consider adverse as well as supporting evidence. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Robbins*, 466 F.3d at 882 (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)); *see also Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

**DISCUSSION**

Plaintiff alleges that the ALJ erred in two respects. First, she contends that the ALJ erred by failing to discuss or address the April 2017 PE by plaintiff's school psychologist, Althea Artis. The PE was not made part of the record until after Dr. Dian conducted his case review and gave testimony to the ALJ. The government responds that there was no error because Dr. Dian conducted a thorough case review, as required under the applicable case law, but also because the contents of the PE and Artis' concerns were incorporated into the April 2017 IEP Report that Dr. Dian considered as part of his case review.

Second, plaintiff contends the ALJ erred in not finding that she suffered from two marked limitations in functional domains. Specifically, while the ALJ appropriately found that she had marked limitations in the functional domain of "attending and completing tasks," he erred because the Artis PE establishes that plaintiff is also markedly limited in "acquiring and using information," mandating a finding of disability. The government counters that what plaintiff is seeking is a reweighing of the evidence, which is not appropriate and does not show reversible error.

As noted above, the Artis PE was not made part of the record until after the second ALJ

hearing. Therefore, it is undisputed that the PE itself could not have been considered by Dr. Dian and that the PE was not discussed by the ALJ in his decision. Plaintiff identifies the following information from the PE that should have been discussed: (i) her teacher's concern that plaintiff has an "inability to retain and sequentially recall information" and (ii) her significant problem with "delayed recall" testing, which put her in the extremely low range and "0%" percent percentile when compared to her peers. AR 722, 726. Plaintiff argues that the ALJ was required to but did not provide specific, legitimate reasons to reject Artis's conclusions in the PE, the remedy for which under the "credit as true rule" is reversal. Mot. at 11.

There are a number of problems with plaintiff's arguments. As the government points out, Artis's PE and the conclusions and recommendations she made in her PE *were discussed* in the April IEP, which Dr. Dian reviewed as part of his whole case study. AR 20-21. As plaintiff herself notes, in the IEP Artis made suggestions for how to address plaintiff's processing deficit issues in the school context, indicating that Artis believes plaintiff's processing deficit can be accommodated in school at her existing grade level. AR 688.

More problematic for plaintiff is her failure to explain or show how the two pieces of information from the PE not reflected in the IEP notes or in the record otherwise would have led to plaintiff's being found to have marked limitations in her ability to acquire and use information. 20 C.F.R. § 416.926a(3)(4)(ii) (explaining the SSA would consider "test scores together with the other information we have about your functioning, including reports of classroom performance and the observations of school personnel and others").[2] Accordingly, if it was error for the ALJ not to have expressly considered the PE in his decision (or reopened the hearing for additional testimony on the PE from Dr. Dian), any error would be harmless. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) ("we may not reverse an ALJ's decision on account of an error that is

---

[2] 20 C.F.R. § 416.926a(g)(3) "Examples of limited functioning in acquiring and using information" that can lead to a determination of marked or extreme limitation include, "(i) You do not demonstrate understanding of words about space, size, or time; e.g., in/under, big/little, morning/night. (ii) You cannot rhyme words or the sounds in words. (iii) You have difficulty recalling important things you learned in school yesterday. (iv) You have difficulty solving mathematics questions or computing arithmetic answers. (v) You talk only in short, simple sentences and have difficulty explaining what you mean.").

7

harmless" and noting burden of showing harm falls on party challenging ALJ's decision).

Plaintiff also misconstrues the government's harmless error argument. The government does not argue that any error was harmless because the limitations expressed in the PE were inconsistent with the medical evidence of record. Reply at 2, 5. Instead, the government argues that any error was harmless because the information from the PE was *consistent* with and duplicative of the other medical evidence of record considered by Dr. Dian and the ALJ. Oppo. at 8.[3] To underscore this point, plaintiff herself argues that the evidence from the PE was consistent with the evidence in the record. Reply at 5-7.

The conclusions of Artis in the PE were largely incorporated into the IEP considered by Dr. Dian and the ALJ. To the extent that there may have been some error because the two discrete pieces of information identified by plaintiff were not before Dr. Dian or the ALJ, the error was harmless because (as plaintiff admits), that information was consistent with the remaining evidence of record that was considered.[4]

---

[3] The government separately questions whether Artis, the school psychologist, can be considered an acceptable medical source as a psychologist as her title indicates she is licensed as a "PPSP." AR 721. However, under the applicable regulation, an acceptable medical source includes licensed or certified school psychologists. *See* 20 C.F.R. § 416.902 ("(a) Acceptable medical source means a medical source who is a: . . . (2) Licensed psychologist, which includes: . . . (ii) A licensed or certified school psychologist, or other licensed or certified individual with another title who performs the same function as a school psychologist in a school setting, for impairments of intellectual disability, learning disabilities, and borderline intellectual functioning only."); *see also Lubin v. Commr. of Soc. Sec. Admin.*, 507 Fed. Appx. 709, 712 (9th Cir. 2013) (unpublished) ("as a licensed psychologist, Dr. Shields is an 'acceptable medical source[ ]' within the meaning of 20 C.F.R. § 416.913(a)").

[4] The cases plaintiff relies on in her Reply are inapposite as they address the failure of an ALJ to utilize a medical expert to review the case record as a whole. *Perales v. Colvin*, CV 14-331 AJW, 2015 WL 6394457, at *4 (C.D. Cal. Oct. 21, 2015) (failure to perform "a case evaluation based on the record in its entirety from a pediatrician or other appropriate specialist is not harmless even if the ALJ's 'own case evaluation' is based on substantial evidence."); *Serna ex rel. R.S.S. v. Colvin*, CV-13-02416-PHX-JZB, 2015 WL 1508411, at *7 (D. Ariz. Mar. 31, 2015) (ALJ failed "to obtain a complete case evaluation from a qualified specialist based on the record in its entirety.").

8

**CONCLUSION**

Plaintiff's motion for summary judgment is DENIED and the government's cross-motion is GRANTED.

**IT IS SO ORDERED.**

Dated: May 9, 2019

William H. Orrick
United States District Judge